# United States District Court

NOV 21 2000

SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

V.

LAZARO RODRIGUEZ

## CRIMINAL COMPLAINT

CASE NUMBER: 00-- 4270-BSS

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about November 17, 2000 in Broward county, in the Southern District of Florida and elsewhere, the defendant did knowingly and intentionally import into the United States from a place outside thereof, a Schedule II controlled substance, that is, a mixture and substance containing a detectable amount of cocaine.

in violation of Title 21 United States Code, Section(s) 952(a)

I further state that I am a(n) Special Agent and that this complaint is based on the following facts:
　　　　　　　　　　　　　　　　Official Title

Please see attached affidavit.

Continued on the attached and made a part hereof: [x] Yes [ ] No

HERIBERTO CRUZ
SPECIAL AGENT, UNITED STATES CUSTOMS SERVICE

Sworn to before me, and subscribed in my presence,

November 21, 2000 　　　　　　　　　　　at Ft. Lauderdale, Florida
Date　　　　　　　　　　　　　　　　　　　　　City and State

BARRY S. SELTZER
UNITED STATES MAGISTRATE JUDGE
Name and Title of Judicial Officer　　　　　　　　Signature of Judicial Officer

### AFFIDAVIT

I, Heriberto Cruz, having first been duly sworn, do hereby state and depose the following:

1. I am employed as a Special Agent with the United States Customs Service ("Customs"), United States Department of the Treasury, Ft. Lauderdale, Florida, and have been so employed since 1973. My responsibilities include the investigation of narcotics and money laundering offenses. Because this affidavit is being submitted for the limited purpose of establishing probable cause for arrest in this case, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts which I believe are necessary to establish probable cause for the arrest in this case. Moreover, the following information is based upon my personal knowledge and that of my fellow agents and Customs Inspectors.

2. On November 17, 2000, U.S. Customs Inspectors in Fort Lauderdale, Florida, conducted an inbound inspection of passengers arriving into the United States at Fort Lauderdale International Airport from Kingston, Jamaica onboard Air Jamaica Flight #085. Margot Kardos George and Lazaro RODRIGUEZ were traveling together and were referred for a secondary Customs inspection.

3. Based on inconsistent answers, nervous behavior and a positive "hit" by a Customs narcotics detection dog, Doobie, a pat-down search was authorized for George and RODRIGUEZ to determine if they were carrying narcotics. The pat-down search revealed that both individuals were carrying packets of suspected narcotics using the identical concealment method; George and RODRIGUEZ both had a clear plastic packet concealed within the sole of each shoe they were wearing. In other words, George was carrying two plastic packets, one per shoe, as was RODRIGUEZ. The inspector observed a white powdery substance contained within each packet and all four packets appeared identical. One of the packets was probed, and the

white powdery substance field tested positively for the presence of cocaine.

4. Both subjects were suspected by Inspectors as having ingested cocaine due to nervous behavior and each signed a consent to X-ray form. RODRIGUEZ was transported to Broward General Hospital (BGH). At BGH, he underwent a medical examination which included an x-ray that indicated that there were several foreign bodies distributed throughout his intestinal tract. Subsequently, RODRIGUEZ had controlled bowel movements between November 18 and November 20, 2000, where he expelled 29 red and green non-latex covered pellets. A field test was conducted on the first pellet expelled, and it tested positive for the presence of cocaine.

5. George and RODRIGUEZ were each administered <u>Miranda</u> warnings and each executed a separate waiver. During an interview with Customs Special Agents, RODRIGUEZ stated, among other things, that he had been approached by a man named "Paul" to go to Jamaica and bring "something" back for money. He stated that at first, he did not know what it was he was going to get; but that when he discussed it with George, they surmised it was going to be drugs.

WHEREFORE, I believe there is probable cause to believe that LAZARO RODRIGUEZ did knowingly and intentionally import into the United States, from a place outside thereof, a Schedule II controlled substance, that is a substance and mixture containing a detectable amount of cocaine, in violation of Title 21, United States Code, Sections 952(a).

FURTHER AFFIANT SAYETH NAUGHT.

HERIBERTO CRUZ, SPECIAL AGENT
UNITED STATES CUSTOMS SERVICE

Sworn and subscribed before
me this 21st day of November, 2000.

BARRY S. SELTZER
UNITED STATES MAGISTRATE JUDGE

# United States District Court

00-4266-LSS

_____SOUTHERN_____ DISTRICT OF _____FLORIDA_____

UNITED STATES OF AMERICA

V.

MARGOT KARDOS GEORGE   NOV 2 0 2000

**CRIMINAL COMPLAINT**

CASE NUMBER: 00--SNOW

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about __November 17, 2000__ in __Broward__ county, in the __Southern__ District of __Florida__ and elsewhere, the defendant did knowingly and intentionally import into the United States from a place outside thereof, a Schedule II controlled substance, that is, a mixture and substance containing a detectable amount of cocaine.

in violation of Title __21__ United States Code, Section(s) __952(a)__

I further state that I am a(n) __Special Agent__ and that this complaint is based on the following facts:

Please see attached affidavit.

Continued on the attached and made a part hereof: [x] Yes [ ] No

CARI ARN
SPECIAL AGENT, UNITED STATES CUSTOMS SERVICE

Sworn to before me, and subscribed in my presence,

November 18, 2000        at    Miami, Florida
Date                           City and State

LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE
Name and Title of Judicial Officer                Signature of Judicial Officer

### AFFIDAVIT

I, Cari Arn, having first been duly sworn, do hereby state and depose the following:

1. I am employed as a Special Agent with the United States Customs Service ("Customs"), United States Department of the Treasury, Ft. Lauderdale, Florida, and have been so employed since 1986. Formerly, I was employed as a Special Agent with the Bureau of Alcohol, Tobacco and Firearms for three years. I am currently assigned to the South Broward Drug Enforcement Unit, a multi-agency task force involved in the investigation of narcotics smuggling and money laundering. I have received training and have been assigned to conduct investigations of criminal violations of the United States Code as enumerated in Titles 18, 19, 21, 22, 31 and various other federal statutes. Because this affidavit is being submitted for the limited purpose of establishing probable cause for arrest in this case, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts which I believe are necessary to establish probable cause for the arrest in this case. Moreover, the following information is based upon my personal knowledge and that of my fellow agents and Customs Inspectors.

2. On November 17, 2000, U.S. Customs Inspectors in Fort Lauderdale, Florida, conducted an inbound inspection of passengers arriving into the United States at Fort Lauderdale International Airport from Kingston, Jamaica onboard Air Jamaica Flight #085. Margot Kardos GEORGE and Lazaro Rodriguez were traveling together and were referred for a secondary Customs inspection.

3. Based on inconsistent answers, nervous behavior and a positive "hit" by a Customs narcotics detective dog, Doobie, a pat-down search was authorized for GEORGE and Rodriguez to determine if they were carrying narcotics.. The pat-down search revealed that both individuals

were carrying packets of suspected narcotics using the identical concealment method; GEORGE and Rodriguez both had a clear plastic packet concealed within the sole of each shoe they were wearing. In other words, GEORGE was carrying two plastic packets, one per shoe, as was Rodriguez. The inspector observed a white powdery substance contained within each packet and all four packets appeared identical. One of the packets was probed, and the white powdery substance field tested positively for the presence of cocaine.

4. Both subjects were suspected by Inspectors as having ingested cocaine due to nervous behavior and each signed a consent to X-ray form. It was later determined at a local hospital that GEORGE had not ingested any narcotics.

4. GEORGE and Rodriguez were each administered Miranda warnings and each executed a separate waiver. During an interview with Customs Special Agents, GEORGE confessed to smuggling "drugs" into the United States, in sneakers which GEORGE had given her in Jamaica. She likewise confessed that she was going to paid for smuggling the "drugs" into the United States.

WHEREFORE, I believe there is probable cause to believe that Margot Kardos GEORGE did knowingly and intentionally import into the United States, from a place outside thereof, a Schedule II controlled substance, that is a substance and mixture containing a detectable amount of cocaine, in violation of Title 21, United States Code, Sections 952(a).

FURTHER AFFIANT SAYETH NAUGHT.

CARI ARN, SPECIAL AGENT
UNITED STATES CUSTOMS SERVICE

Sworn and subscribed before
me this 18 day of November, 2000.

LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE