**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

UNITED STATES OF AMERICA, )

    Plaintiff, ) CASE NO.: 00-6332-CR-DIMITROULEAS

v. )

LAZARO RODRIGUEZ, )

    Defendant. )
_____

### OBJECTIONS TO THE PRESENTENCE INVESTIGATION REPORT

COMES NOW the defendant, LAZARO RODRIGUEZ, by and through his undersigned attorney, and files his objections to the Presentence Investigation Report.

1. In relation to base offense level, the defendant's commentary is that the plea agreement calls for an amount of 825.3 grams of cocaine. The Presentence Investigation Report instead allots 1,213 grams of cocaine as a result of adding the amount of cocaine possessed by the co-defendant, Margot Kardos George. This discrepancy does not effect the base offense level. Either weight places the defendant at a level of 26, which involves offenses of at least 500 grams but less then 2 kilograms of cocaine.

2. Based on the reading of the base offense conduct outlined in paragraphs 3-17 of The Presentence Investigation Report, and for reasons to be brought forward at the time of hearing, the defendant is entitled to a downward departure pursuant to USSG§ 5K2.12. This guideline allows that if the defendant committed the offense because of coercion, blackmail or duress, under circumstances not amounting to a complete defense, the court may decrease the sentence below the applicable guideline range. In this case, the coercion involved threats of physical injury to the defendant at the time that he expressed reservations about swallowing pellets while in Jamaica. This is the type of coercion

1



recognized by the guidelines commission as possibly forming the basis of a downward departure. Therefore, the defendant, at the time of sentencing, will ask the Court for a downward departure from the otherwise applicable sentencing guideline range.

The defendant also notes that a consequence of this plea is deportation. The defendant will be deported despite the fact that he came to this country from the Dominican Republic at age 5. The defendant grew up in the New York City area and his entire family lives either there or in South Florida. Upon release, the defendant will have to reestablish his life in the Dominican Republic. This is a country of which the defendant has minimal ties. The punishment for this defendant goes beyond the mere prison sentence. In essence, the defendant will be punished for the rest of his life by not being able to reside in a country of which he has lived since he was a young child.

WHEREFORE the defendant respectfully asks this Honorable Court to grant a downward departure in this case.

Respectfully submitted,
**RICHARD DOCOBO**
1571 Northwest 13th Court
Miami, Florida 33125-1605
Tel.: (305) 326-0330

RICHARD DOCOBO

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and exact copy of the foregoing was furnished via U.S. Mail/Facsimile to Bertha R. Mitrani, A.U.S.A., Office of the United States Attorney, 500 E. Broward Blvd., 7th Floor, Ft. Lauderdale, Florida 33394-3002 and Carolyn Darville, U.S. Probation Officer, U.S. Probation Office, 300 N.E. Fourth Street, Room 315, Miami, Florida 33132-2126 on this 30th day of March 2001.

RICHARD DOCOBO

2